

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ATSER RESEARCH TECHNOLOGIES, INC., § § § Plaintiff, § § v. § § RABA-KISTNER INFRASTRUCTURE, § INC.; RABA-KISTNER CONSULTANTS,§ INC.; BRYTEST LABORATORIES, § INC.; RABA-KISTNER-ANDERSON § CONSULTANTS, INC.; and LONE § STAR INFRASTRUCTURE, JOINT § VENTURE, § § Defendants. § | NO. SA-07-CA-93-H |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is a civil action alleging patent infringement. All parties have filed motions for summary judgment. The Court finds that there is no genuine issue of material fact, and that the Defendants are entitled to judgment in their favor as a matter of law with respect to their defense of invalidity of the patent in suit.

### I. INTRODUCTION

**A. The UDOT System**

The following facts are established by the summary judgment evidence: In 1997, Plaintiff Atser contracted with the Utah State Department of Transportation ("UDOT") to provide testing services

1

and a computer system for use on the Interstate 15 Project. The contract authorized the Plaintiff to receive payments of up to $2,877,634. Stated broadly, Plaintiff's duties involved performing quality control on a pavement construction mixture. As part of its contract, Plaintiff agreed to implement a computer system to record and evaluate data. Plaintiff also established a laboratory to test, receive, and analyze data. Plaintiff would then enter the data obtained from its laboratory into a database server and review it as to conformity with materials specifications.

The database server was linked to Plaintiff's software, including computers running the Lab-IT™ and Track-IT™ software. The Lab-IT software was used to enter laboratory testing data and perform analysis on that information. The Track-IT software was programmed with I-15 specifications and could perform statistical quality control.

Initially, Plaintiff proposed that the testing parties save their material test information to a CD-ROM. Atser personnel would then upload it to a server. Once the tests were completed, a report would be generated and given to the project manager.

Defendants contend that this portion of the system was modified in August of 1997. They point to a memo written by Plaintiff to UDOT, with the subject line "Contract Modification I", which states the following:

<u>Change 1: Automated Data Acquisition Systems (ADAS)</u>

>Data transfers will not include the use of a CD-ROM. The original proposed method will create a physical slack and involves slowing down of the activities and considerable maintenance tasks. Now the data transfer will be affected by on-line file transfer methods. The methods of transmitting the reports will require the use of a Web Server. Mr. Dye agreed with this revision. He stated the movement of $62,000 from Task 6 to Task 7 is agreeable. (D.'s Mot., Ex. 4 at RK013643).

Plaintiff illustrated these modifications with a diagram showing computers transferring data to the Web server via a modem. (D.'s Mot, p. 5). The database server depicted in the diagram was captioned "Home (Web)Site." Plaintiff does not dispute this evidence or question its authenticity, but alleges that Defendants have taken it out of context.

## B. The '498 Patent

Plaintiff filed a patent application detailing similar technology[1] on March 21, 2001 (the patent in suit). During the prosecution of that application, Plaintiff did not disclose the sale to UDOT that occurred four years earlier. Plaintiff contends that the system sold to UDOT and the system described in the '498 patent are materially different. Defendants insist that the inventions are essentially identical, and thus Plaintiff's patent is invalid under 35 U.S.C. § 102(b)'s on-sale bar.

## II. APPLICABLE LAW

A person is not entitled to a patent if the invention was on

---

[1] For a detailed description of the invention described in the '498 patent, see this Court's Order Regarding Claim Construction (Doc. 168).

sale more than one year prior to the date of the patent application. **35 U.S.C. § 102(b)**. The overriding concern of the on-sale bar is the risk that an inventor might attempt to commercialize his invention beyond the statutory term. **Netscape Commc'ns Corp. v. Conrad,** 295 F.3d 1315, 1323 (Fed. Cir. 2002).

The on-sale bar applies where the invention was 1) the subject of a commercial offer for sale, 2) ready for patenting, and 3) an embodiment of the claimed invention. **Scaltech Inc. v. Retec/Tetra,** 178 F.3d 1378, 1383 (Fed. Cir. 1999). A device is the embodiment of the claimed invention if it meets each limitation of the claim. **Id.**

### III. ANALYSIS

Plaintiff impliedly concedes in its response that the invention provided to UDOT was the subject of a commercial offer for sale and ready for patenting.[2] Thus, only element three is in controversy.

Defendants contend that the device sold by Plaintiff to UDOT is the embodiment of the invention at issue in this case, thus rendering the '498 patent invalid. Plaintiff argues that the device sold to UDOT was not the embodiment of the present invention because of a significant difference between the two. Specifically, Plaintiff alleges that the UDOT system was not the embodiment of

---

[2] "Here, the third prong of the test is not satisfied." (Pl.'s Response, p. 4).

the '498 patent because it did not utilize a wide-area-network ("WAN").

**A. Utilization of a WAN is Essential to Claims 1 and 13**

This Court's order construing the claims of the '498 patent established that a limitation of Claims 1 and 13 is the utilization of a WAN. Thus, if the UDOT system did not use a WAN, it is not the embodiment of the claimed invention. This Court defined a WAN as follows:

> A geographicaly distributed network composed of smaller networks of computers that are joined into a single large network using communications services provided by one or more common carriers. The Internet is an example of a WAN.

Plaintiff contends that the device sold to UDOT did not utilize a WAN. Plaintiff therefore concludes that the UDOT system falls outside the scope of Claims 1 and 13. Plaintiff argues that since all claims of the '498 patent depend on Claims 1 and 13, the UDOT system is not the embodiment of any of the claims of the '498 patent.

With regard to the system initially sold to UDOT, Defendants appear to agree. Defendants argue, however, that the system was modified in August of 1997. Once that modification occurred, the system utilized a WAN and thus became the embodiment of the '498 invention.

The system, as modified, did not specifically use the term "WAN." However, the agreement regarding the change did state that the system would use a Web server and would involve on-line file

transfers. Additionally, the diagram illustrating the system showed the use of modems and labeled the server as "Home (Web)Site."

## B. The Web Server Used in the UDOT System was Located on a WAN

Defendants argue that because the database server also acted as a Web server, providing UDOT with access to material testing reports through the Internet, the database server that Plaintiff accessed was located on a WAN, and since the Internet falls within this Court's claim construction of a WAN, a server that is located on the Internet is by definition located on a WAN.

Defendants assert that the term "Web" signifies the Internet. One definition given for the word "Web" in Merriam-Webster's Dictionary is "World Wide Web." The same dictionary defines "World Wide Web" as "a part of the Internet accessed through a graphical user interface and containing documents connected by hyperlinks- also called *Web*." Furthermore, the Web server was labeled "Home (Web)Site." A Web site is defined as a group of World Wide Web pages usually containing hyperlinks to each other and made available on-line. **Merriam-Webster Online Dictionary** (2009). These authorities are persuasive, and in fact, Plaintiff never asserts that the term "Web" signifies anything other than the Internet.

Defendants find further support for their contention in an unlikely place: Plaintiff's Motion for Summary Judgment. In that motion, Plaintiff contends that Defendants infringed Claims 1 and

13 by using a Web server. The first element of Claim 1 is "accessing a server located on a wide-area-network." Plaintiff stated that Defendant infringed this element by using a "web-enabled system...that runs on a Microsoft Windows 2003 web server...." (Doc. 211, at 2). Thus, Plaintiff asserted, Defendants "employ a method of accessing a server located on a wide-area-network." Id. at 3.

Furthermore, Plaintiff's own expert stated that the term "Web" indicates the use of a WAN. The expert, Mr. Fults, stated that a "web-based, web enabled, and on-line information delivery platform" met the Court's definition of a wide-area-network (Doc. 232, Ex. 1 at 5).

Plaintiff never argues that the Web server used in the UDOT system did not operate on a WAN. Such an argument would be untenable, considering Plaintiff's insistence in its own motion that Defendants' use of a Web server infringed Claims 1 and 13. Instead, Plaintiff seems to argue that the system was never modified to use a Web server. Plaintiff cryptically states that the evidence relating to the Web server was taken out of context.

Plaintiff does not assert the proper context for the evidence cited by Defendants, nor does it state why Defendants' arguments are "misrepresentative." (Pl.'s Resp., at 6). The context of Defendants' evidence seems quite apparent. UDOT was displeased with the delay that would occur if data were saved to a CD-ROM and

then, at some later point, uploaded to the server. Thus, the system was modified so that file transfers could be conducted immediately by "on-line file transfer methods." This new method required the use of a Web server. Plaintiff offers no evidence to contradict this plain meaning interpretation.

### IV. CONCLUSION

Ultimately, Plaintiff is unable to show that there is a genuine issue as to the material fact of invalidity under § 102(b). The key issue in this motion is whether the Web server utilized by the UDOT system operated on a WAN. Defendants provide compelling evidence that it did, and Plaintiff's own arguments and evidence support this conclusion. Plaintiff states in its response that there is a fact issue as to whether or not the UDOT system utilized a WAN, yet offers no evidence to create such a fact issue. Having concluded that the Web server did operate on a WAN, this Court finds that the system sold to UDOT was the embodiment of the claimed invention, that the sale occurred four years before the patent application, and thus the '498 patent is invalid under 35 U.S.C. § 102(b). It is unnecessary to discuss Defendants' other arguments supporting summary judgment. One arrow, if fatal, is fatal enough.

It is therefore ORDERED that Defendants' motion for summary judgment be, and it is hereby, GRANTED.

It is further ORDERED that the Plaintiff's motion for summary

judgment be, and it is hereby, DENIED.

It is further ORDERED that judgment be, and it is hereby, ENTERED in favor of Defendants, and that the Plaintiff take nothing by its suit.

SIGNED AND ENTERED this 26th day of August, 2009.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE