FILED

OCT 2 3 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ATSER RESEARCH TECHNOLOGIES, INC., §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>RABA-KISTNER INFRASTRUCTURE, §<br>INC.; RABA-KISTNER CONSULTANTS, §<br>INC.; BRYTEST LABORATORIES, §<br>INC.; RABA-KISTNER-ANDERSON §<br>CONSULTANTS, INC.; and LONE §<br>STAR INFRASTRUCTURE, JOINT §<br>VENTURE, §<br>§<br>Defendants. § | NO. SA-07-CA-93-H |

## ORDER GRANTING DEFENDANTS' MOTION TO FIND THIS CASE EXCEPTIONAL UNDER 35 U.S.C. § 285

This is a suit alleging patent infringement.  On August 27, 2009, this Court granted Defendants' motion for summary judgment under 35 U.S.C § 102(b)'s on sale bar and dismissed Plaintiff's claims with prejudice.  Defendants now request that this Court find the case exceptional due to Plaintiff's litigation misconduct and award attorneys fees.  Having considered Defendants' motion, the response, reply, and applicable law, this Court finds that it should be granted.

## I. Applicable Law

Under 35 U.S.C. § 285, "the court in exceptional cases may award reasonable attorney fees to the prevailing party."  The court must apply Federal Circuit case law to the § 285 analysis, as it is

unique to patent law. **Digeo, Inc. v. Audible, Inc.,** 505 F.3d 1362, 1366 (Fed. Cir. 2007). A district court must first determine whether there is clear and convincing evidence that a case is exceptional. **Id. at 1367.** If so, then a court must determine in its discretion whether an award of attorneys fees is justified. **Id.**

Litigation misconduct and unprofessional behavior may suffice, by themselves, to make a case exceptional under § 285. **Rambus Inc. v. Infineon Technologies Ag,** 318 F.3d 1081, 1106 (Fed. Cir. 2003). In cases deemed exceptional only on the basis of litigation misconduct, however, the amount of the award must bear some relation to the extent of the misconduct. **Id.**

## II. Analysis

### A. I-15 Documents

Defendants allege that Plaintiff committed litigation misconduct by failing to produce important documents related to the Utah Department of Transportation's Interstate 15 project. Although Plaintiff produced a few documents related to the project, the documents that eventually proved fatal to Plaintiff's patent were never produced. Plaintiff failed to produce these documents despite the fact that the Court ordered Plaintiff to produce all I-15 documents in its possession dating from the years 1997-2000. (Doc. 151, at 10). Plaintiff repeatedly represented that it had produced all such documents in its possession or under its control.

Defendants were given reason to doubt Plaintiff's assertion

2

during the deposition of Mr. Robert Bledsoe, the President of Atser L.P.  Mr. Bledsoe testified that he was sure he had a copy of the I-15 contract in his personal files, a document that Plaintiff never produced. (Defs.' Mot., Ex. 1, 82:10-11).  He also testified that his personal files were never searched during discovery. (Id. at 82:3-5).

Furthermore, Mr. Bledsoe testified that the files from the I-15 project were transported from Utah to Houston and placed in an off-site storage facility. (Id. at 85:17-20).  He stated that during the course of the litigation, he never directed anyone to search the storage facility for documents to produce.  (Id. at 94:12-17).  He further testified that Atser tends to err on the side of retaining too many documents, and that he had no reason to believe that Plaintiff had cleaned out any old documents. (Id. at 94:2-5; 89:12-20).

Mr. Bledsoe's testimony makes clear that Plaintiff made little or no effort to obey the Court's order to produce the relevant I-15 documents.  According to Plaintiff's website, the I-15 project was a 1.3 billion dollar undertaking.  It is simply inconceivable that Plaintiff would have retained no more than a handful of documents responsive to Defendants' discovery request.  Plaintiff's utter disregard for the Court's order to produce I-15 documents constitutes litigation misconduct.

B. License for Assure-It

Defendants contend that Plaintiff failed to produce information concerning a license between Atser and the Kiewit Corporation regarding Plaintiff's Assure-It product.  While the license itself was produced, Defendants assert that key financial documents relating to the license were intentionally withheld. Defendants were nonetheless able to obtain the documents through other means.

Defendants' argument is a rehash of the unsuccessful argument it presented in its motion to compel. (Doc. 187).  In that motion, Defendants presented evidence that Plaintiff failed to produce the financial documents related to the license.  Defendants also offered evidence that Plaintiff had intentionally concealed the documents from Defendants in order to prevent them from discovering the low licensing fee charged to Kiewit.  Nonetheless, the Court concluded that Plaintiff's failure to produce the documents was merely a mistake.  Magistrate Judge Mathy pointed to the fact that the produced documents clearly referenced the unproduced financial documents as evidence that Plaintiff did not intentionally conceal the information. (Doc. 196, at 17).  Accordingly, the Court denied Defendants' motion to compel.

Defendants further allege that Plaintiff should have produced the licensing documents after the Court determined that the omission was a mistake.  This contention is unpersuasive.

4

Defendants made clear that they had possession of the unproduced documents at the time of their motion to compel. Plaintiff did not need to produce licencing documents that were already in Defendants' possession. Thus, Plaintiff did not commit litigation misconduct by failing to produce the documents.

C. License for the Asserted Patent

Defendants contend that Plaintiff committed litigation misconduct by falsely alleging that no license agreement existed regarding the '498 patent. During discovery, Defendants requested all documents regarding patent license agreements. Plaintiff responded that it had not licensed the patent-in-suit. Defendants did not believe this assertion, and filed a motion to compel. (Doc. 147). In opposition to that motion, Plaintiff stated: "ATSER's counsel has repeatedly told Defense counsel that the Patent-in-Suit was never licensed." (Doc. 149, at 4).

In stark contrast, Plaintiff asserted in its complaint filed in an unrelated suit that "ATSER L.P. was...given an exclusive license on the '498 patent including the right to enforce the '498 patent against infringers." **Atser Research Technologies v. Interstate Quality Data Systems, Inc.**, 06-CV-00018-LY, Doc. 1, at 3. In that case, Atser Research's CEO, Mr. Martinez, testified that there was a licensing agreement between Atser Research Technology and Atser L.P. (Defs.' Mot., Ex. 9, at 19). When questioned by Defendants about this inconsistency, Plaintiff

5

continued to assert that the patent was never licensed. (Defs.' Mot., Ex. 6).

In response to the present motion, Plaintiff argues that this Court should simply ignore the statements it made in the separate case because they are "not proper evidence." (Pl.'s Resp., at 6). It is not clear why Plaintiff feels that a complaint it filed in this very court is improper evidence.  The only evidence Plaintiff cites to rebut Defendants' allegation is a deposition in which Mr. Martinez stated that there was a verbal license amongst the Atser entities. (Pl.'s Mot., at 6).  However, this testimony only serves to support Defendants' claim that Plaintiff was dishonest when it represented to this Court that the patent-in-suit was never licensed.

Plaintiff has failed to provide a credible explanation as to why it has adamantly denied the existence of a license in this suit while unequivocally admitting the existence of a license in a separate suit.  If a license exists, oral or otherwise, Plaintiff was required to disclose that fact to this Court and comply with Defendants' discovery request.  Plaintiff's failure to do so constitutes litigation misconduct.

### D. Pursuing Invalid Claims

Defendants contend that Plaintiff committed litigation misconduct by continuing to pursue claims 14, 16, 18, and 20, even after they were invalidated by this Court's order on claim

construction.  Specifically, Defendants point to the testimony of Plaintiff's expert, Mr. Ken Fults.  Mr. Fults testified, after the Court's order on claim construction, that the aforementioned claims were infringed and that he would testify to that effect at trial. Plaintiff contends that Mr. Fults did not realize that these claims were invalidated by the Court's order because he is not an attorney.

While Plaintiff should have notified Defendants that it did not intend to pursue the invalidated claims, this error does not rise to the level of litigation misconduct.  It was apparent from Plaintiff's motion for summary judgment that it did not intend to pursue the invalidated claims.  In the motion, Plaintiff stated only that claims 1-13 were infringed.  Plaintiff concluded by stating that there were no genuine issues of material fact that needed to be resolved by a jury.  Therefore, it was clear from the motion that Plaintiff did not intend to pursue any claims other than 1-13.

### E. Failure to Provide Particularized Infringement Contentions for Each Defendant

Defendants allege that Plaintiff committed litigation misconduct by refusing to provide particularized infringement contentions for each Defendant.  During discovery, Defendants requested that Plaintiff provide infringement allegations specific to each Defendant.  Plaintiff failed to do so, and Defendants filed a motion to compel.  The Court ordered that Plaintiff provide,

individually and for each Defendant, the factual basis for alleging patent infringement. (Doc. 101, at 17).  Plaintiff never complied with this order.  Plaintiff created a claim chart to explain how the accused instrumentalities infringed the '498 patent.  However, Plaintiff never asserted how each Defendant committed willful infringement.

In its response to Defendants' motion, Plaintiff states that if Defendants were unhappy with the detail given in its discovery responses, they should have filed a motion to compel. (Pl.'s Resp., at 8).  This statement illustrates the level of Plaintiff's obstinacy.  Defendants *did* file a motion to compel, which the Court granted.  Plaintiff simply refused to comply with the Court's order.  Even in its motion for summary judgment, Plaintiff never asserted claims against individual Defendants.  Plaintiff used the motion to assert how the accused instrumentalities violated the '498 patent, but never described any Defendant's relationship to the accused instrumentalities.  By refusing to comply with this Court's order, Plaintiff committed litigation misconduct.

## IV. Conclusion

This Court has concluded that Plaintiff engaged in three separate instances of litigation misconduct.  Therefore, the Court finds that there is clear and convincing evidence that this case is exceptional.  As a result, Defendants are entitled to an award of attorneys fees.  However, that award must bear some relation to the

extent of the misconduct.

It is therefore ORDERED that Defendants' motion to find this case exceptional be, and it is hereby, GRANTED.

It is further ORDERED that Defendants submit their claim for attorneys fees, supported by proper documentation, within fifteen days of receipt of this Order.  Defendants bear the burden of showing how the fees sought bear a relation to Plaintiff's misconduct.

SIGNED AND ENTERED this _____21st_____ day of October, 2009.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE